**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SEARS HOME APPLIANCE SHOWROOMS, LLC, and SEARS OUTLET STORES, L.L.C., | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 1:17-cv-8478 |
| | ) |
| | ) |
| CHARLOTTE OUTLET STORE, LLC, CONCORD OUTLET STORE, LLC, GREENVILLE OUTLET STORE, LLC, RALEIGH OUTLET STORE, LLC, VADIM SHLANGMAN, and ALIAKSANDR IVANNIKAU, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiffs Sears Home Appliance Showrooms, LLC and Sears Outlet Stores, L.L.C. (collectively "Plaintiffs"), for their Complaint against Defendants Charlotte Outlet Store, LLC, Concord Outlet Store, LLC, Greenville Outlet Store, LLC, Raleigh Outlet Store, LLC, Vadim Shlangman, and Aliaksandr Ivannikau (collectively "Defendants"), state and allege as follows:

**PARTIES**

1.      Plaintiff Sears Home Appliance Showrooms, LLC ("SHAS") is a Delaware limited liability company, with its principal place of business in Hoffman Estates, Illinois. The sole member of Sears Home Appliance Showrooms is Sears Hometown and Outlet Stores, Inc., a Delaware corporation with its principal place of business in Hoffman Estates, Illinois.

2.      Plaintiff Sears Outlet Stores, L.L.C. is a Delaware limited liability company, with its principal place of business in Hoffman Estates, Illinois. The sole member of Sears Outlet

Stores, L.L.C. is Sears Hometown and Outlet Stores, Inc., a Delaware corporation with its principal place of business in Hoffman Estates, Illinois.

3. Upon information and belief, Defendant Charlotte Outlet Store, LLC is a North Carolina limited liability company, with its principal place of business in North Carolina. Upon further information and belief, the only members of Charlotte Outlet Store, LLC are Vadim Shlangman and Aliaksandr Ivannikau.

4. Upon information and belief, Concord Outlet Store, LLC is a North Carolina limited liability company, with its principal place of business in North Carolina. Upon further information and belief, the only members of Concord Outlet Store, LLC are Vadim Shlangman and Aliaksandr Ivannikau.

5. Upon information and belief, Greenville Outlet Store, LLC is a South Carolina limited liability company, with its principal place of business in South Carolina. Upon further information and belief, the only members of Greenville Outlet Store, LLC are Vadim Shlangman and Aliaksandr Ivannikau.

6. Upon information and belief, Defendant Raleigh Outlet Store, LLC is a North Carolina limited liability company, with its principal place of business in North Carolina. Upon further information and belief, the only members of Raleigh Outlet Store, LLC are Vadim Shlangman and Aliaksandr Ivannikau.

7. Upon information and belief, Defendant Vadim Shlangman is a citizen and resident of North Carolina.

8. Upon information and belief, Defendant Aliaksandr Ivannikau is a citizen and resident of North Carolina.

**JURISDICTION AND VENUE**

9.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10.      This Court has personal jurisdiction over Defendants because they consented to the Court's personal jurisdiction in promissory notes and guaranties referenced below.

11.      Venue is proper in this judicial district because the parties agreed in promissory notes and guaranties referenced below that any litigation involving those agreements would be brought in the state or federal courts nearest to Chicago, Illinois.

**THE AGREEMENTS AT ISSUE**

12.      On January 22, 2015, Sears Outlet Stores, L.L.C., entered into four separate Asset Purchase Agreements with each of the Defendants Charlotte Outlet Store, LLC, Concord Outlet Store, LLC, Greenville Outlet Store, LLC, and Raleigh Outlet Store, LLC for the purchase of certain assets for the operation of four Sears Outlet Stores in North Carolina and South Carolina.

13.      Concurrently with the execution of those Asset Purchase Agreements, Defendants Charlotte Outlet Store, LLC, Concord Outlet Store, LLC, Greenville Outlet Store, LLC, and Raleigh Outlet Store, LLC (collectively "Franchisees") signed four Franchise Agreements with SHAS, as franchisor, in which they were given the right and undertook the obligation to own and operate four retail Sears Outlet Stores in North Carolina and South Carolina for 10-year terms. The Franchise Agreements are attached as **Exhibits A-D.**[1]

---

[1] The parties' Franchise Agreements contain confidentiality and non-disclosure provisions regarding these agreements and the other Exhibits referenced in this Complaint.  Therefore, the Exhibits are not attached to the Complaint.  Plaintiffs will serve copies of the Exhibits on Defendants with service of the Complaint and will file a motion at a later date for a protective order at which time Plaintiffs will seek to file the Exhibits with the Court.

14.     In consideration of, and as an inducement to, SHAS' execution of the Franchise Agreements, Shlangman and Ivannikau (jointly, the "Guarantors"), co-owners and members of the Franchisees, signed a Guaranty and Assumption of Franchisee's Obligations (collectively, the "Franchise Guaranties") for each of the four Franchise Agreements, thereby absolutely and unconditionally guaranteeing in writing all payment and performance obligations of the Franchisees under the Franchise Agreements, with each of the Guarantors agreeing to be personally bound by and liable for any breach of the Franchise Agreements.  The Franchise Guaranties are attached as **Exhibits E-H**.

15.     On February 15, 2015, Defendant Charlotte Outlet Store, LLC made, executed and delivered its Secured Promissory Note payable to the order of Plaintiff Sears Outlet Stores, L.L.C. in the original principal amount of $225,000, together with interest on the unpaid principal balance and other charges set forth therein, as partial payment for assets purchased from Sears Outlet Stores, L.L.C. under the Asset Purchase Agreement for the operation of a Sears Outlet Store in Charlotte, North Carolina.  The Secured Promissory Note made by Defendant Charlotte Outlet Store, LLC is attached as **Exhibit I**.

16.     On February 15, 2015, Defendant Concord Outlet Store, LLC made, executed and delivered its Secured Promissory Note payable to the order of Plaintiff Sears Outlet Stores, L.L.C. in the original principal amount of $175,000, together with interest on the unpaid principal balance and other charges set forth therein, as partial payment for assets purchased from Sears Outlet Stores, L.L.C. under the Asset Purchase Agreement for the operation of a Sears Outlet Store in Concord, North Carolina.  The Secured Promissory Note made by Defendant Concord Outlet Store, LLC is attached as **Exhibit J**.

17.     On February 15, 2015, Defendant Greenville Outlet Store, LLC made, executed

and delivered its Secured Promissory Note payable to the order of Plaintiff Sears Outlet Stores, L.L.C. in the original principal amount of $300,000, together with interest on the unpaid principal balance and other charges set forth therein, as partial payment for assets purchased from Sears Outlet Stores, L.L.C. under the Asset Purchase Agreement for the operation of a Sears Outlet Store in Greenville, South Carolina. The Secured Promissory Note made by Defendant Greenville Outlet Store, LLC is attached as **Exhibit K**.

18.     On February 15, 2015, Defendant Raleigh Outlet Store, LLC made, executed and delivered its Secured Promissory Note payable to the order of Plaintiff Sears Outlet Stores, L.L.C. in the original principal amount of $300,000, together with interest on the unpaid principal balance and other charges set forth therein, as partial payment for assets purchased from Sears Outlet Stores, L.L.C. under the Asset Purchase Agreement for the operation of a Sears Outlet Store in Raleigh, North Carolina. The Secured Promissory Note made by Defendant Raleigh Outlet Store, LLC is attached as **Exhibit L**.

19.     Hereafter, the Secured Promissory Notes made by each of the Franchisees are collectively referred to as the "Secured Promissory Notes."

20.     Plaintiff Sears Outlet Stores, L.L.C. is the holder of the Secured Promissory Notes.

21.     The Secured Promissory Notes waive demand, presentment and protest.

22.     The Secured Promissory Notes provide for acceleration of all sums due thereunder, without notice or demand, upon the occurrence of an "Event of Default," which is defined to include any default or breach by the Franchisees under the Secured Promissory Notes, the Asset Purchase Agreements, the Franchise Agreements, or any other agreement with Plaintiffs, or in the event that the Franchise Agreements are terminated for any reason.

23.     On February 15, 2015, the Guarantors executed and delivered to Plaintiff Sears Outlet Stores, L.L.C., four Guaranty and Assumption of Obligation agreements (collectively, the "Promissory Note Guaranties"), thereby guaranteeing the full and punctual performance by each of the Franchisees under the Secured Promissory Notes. The Promissory Note Guaranties are attached as **Exhibits M-P**.

24.     The Promissory Note Guaranties waive demand, presentment and protest.

25.     On February 15, 2015, the Franchisees each executed and delivered a Sublease agreement (collectively, the "Subleases") with Plaintiff Sears Outlet Stores, L.L.C., for the premises in which each respective Franchisee conducted its Sears Outlet Stores. The Subleases are attached as **Exhibits Q-T**.

## DEFAULT AND TERMINATION OF THE AGREEMENTS AND SUBLEASES

26.     On June 14, 2017, SHAS sent a Notice of Default to Franchisees and Guarantors, notifying them that they were in default for numerous breaches of the Franchise Agreements, including (1) failing to maintain insurance coverage required by the Franchise Agreements; (2) failing to meet customer service obligations as required by the Franchise Agreements; (3) failing to maintain the standards of maintenance and cleanliness required by the Franchise Agreements; (4) failing to follow ACH deposit requirements as required by the Franchise Agreements; (5) failing to ensure that refunds and price adjustments are properly accounted for as required by the Franchise Agreements; and (6) failing to properly account for merchandise as required by the Franchise Agreements. SHAS gave Franchisees and Guarantors 30 days to cure the defaults.

27.     On August 30, 2017, SHAS sent a Notice of Continuing Default to Franchisees and Guarantors, notifying them that they continued to be in violation of several requirements of the Franchise Agreements, including (1) failing to maintain insurance coverage required by the

Franchise Agreements; (2) failing to meet customer service obligations as required by the Franchise Agreements; (3) failing to maintain the standards of maintenance and cleanliness required by the Franchise Agreements; (4) failing to follow ACH deposit requirements as required by the Franchise Agreements; and (5) failing to properly account for merchandise as required by the Franchise Agreements. SHAS notified Franchisees and Guarantors that SHAS would be exercising its right under the Franchise Agreements to enter the franchised locations and cure certain defaults, including physical violations of SHAS' brand standards if the defaults were not cured within seven days.

28. Franchisees and Guarantors failed to cure the defaults and, on November 15, 2017, Franchisees abandoned their four Sears Outlet stores.

29. On November 15, 2017, SHAS and Sears Outlet Stores, L.L.C. sent a Notice of Default and Termination of Franchise Agreements to Defendants in their capacities as franchisees and guarantors, providing them with written notice of the default and termination of the Franchise Agreements between Franchisees and Guarantors and SHAS, and of the termination of the Subleases.

30. The Notice of Default and Termination notified Franchisees and Guarantors that Franchisees were in default of the Franchise Agreements for at least the following reasons: (1) threatening to abandon and surrender and then abandoning and surrendering the four Sears Outlet stores; (2) repeatedly failing to comply with the Franchise Agreements; and (3) failing to maintain the standards of maintenance and cleanliness required by the Franchise Agreements despite notice and an opportunity to cure. The Notice of Default and Termination of Franchise Agreements is attached as **Exhibit U.**

31. Under the Franchise Agreements, SHAS had the right to immediately terminate

the Franchise Agreements because of Franchisees' and Guarantors' threat to abandon, and then actual abandonment and surrender of their franchised stores; because the default notice was Franchisees' and Guarantors' third notice of default in less than 12 months; and because Franchisees' and Guarantors' failure to cure their prior defaults within 30 days of written notice of such defaults.

32.     Sears Outlet Stores, L.L.C. had the right to immediately terminate the Subleases upon the termination of the Franchise Agreement.

33.     Based on Franchisees' and Guarantors' defaults and failures to cure, Plaintiff SHAS terminated the Franchise Agreements, and Plaintiff Sears Outlet Stores, L.L.C. terminated the Subleases and accelerated the Secured Promissory Notes, demanding payment of all sums due in the total amount of $790,396.00 (calculating interest at 7% per annum) by November 20, 2017.

34.     Although duly demanded, Defendants failed to pay the amounts due on the Secured Promissory Notes by November 20, 2017.

35.     When the Franchisees abandoned each of their stores, received their third notice of default in less than 12 months, and failed to cure their prior defaults within 30 days of written notice of such defaults, they violated the terms of each of their respective Franchise Agreements. These breaches constitute material breaches of the Franchise Agreement by the respective Franchisee and breaches by the Guarantors of their Franchise Guaranties.

36.     When the Franchisees failed to pay the amounts due under the respective Secured Promissory Note for which it is a maker, and when the Guarantors failed to pay the amounts required by their Franchise Guaranties and Promissory Note Guaranties, they were in default of such applicable Secured Promissory Note, Franchise Agreement, Franchise Guaranty and

Promissory Note Guaranty.

37.     Under the Franchise Agreements, Franchisees each agreed to maintain a commercial demand deposit account at a bank and deposit into the account all cash proceeds that they collected from customers in connection with the sale of merchandise and services at the stores.  Franchisees also agreed to give SHAS full access to and authorization on the account and to hold all cash proceeds in trust for SHAS until the funds transferred to SHAS.

38.     At or near the time that SHAS terminated the Franchisees' Franchise Agreements, Franchisees failed to deposit the cash proceeds from the sales of SHAS merchandise and services into the commercial demand deposit bank accounts for the stores, in breach of their Franchise Agreements, for the following amounts:

        a.  Charlotte Outlet Store, LLC: $1,024.61;

        b.  Concord Outlet Store, LLC, $1,881.76;

        c.  Greenville Outlet Store, LLC, $2,398.27; and

        d.  Raleigh Outlet Store, LLC, $2,544.09.

39.     SHAS and Sears Outlet Stores, L.L.C. have performed all of their obligations under each of the agreements discussed above.

40.     Upon termination of the Franchise Agreements because of Franchisees' defaults, Franchisees agreed that SHAS is entitled to liquidated damages based on the net present value of the net sales, less commissions, that would have become due from the date of termination to the scheduled expiration date of the Franchise Agreements in 2025.

41.     Upon termination of the Subleases, Sears Outlet Stores, L.L.C. is entitled to recover from the Franchisees all unpaid Basic Rent, CAM Charges, other costs and expenses accrued or to accrue under the respective Sublease to which such Franchisee is liable throughout

the remainder of the term, less sums actually received by mitigation, plus all sums to compensate Sears Outlet Stores, L.L.C. for repairs, reletting, and other damages proximately caused by the failure to perform such Sublease.

42. Upon termination of the Subleases, Sears Outlet Stores, L.L.C. also is entitled to recover from the Guarantors all unpaid Basic Rent, CAM Charges, other costs and expenses accrued or to accrue under all of the Subleases throughout the remainder of the term, less sums actually received by mitigation, plus all sums to compensate Sears Outlet Stores, L.L.C. for repairs, reletting, and other damages proximately caused by the failure to perform the Subleases.

43. Defendants also agreed under the terms of the Franchise Agreements, Secured Promissory Notes, Franchise Guarantees, Promissory Note Guarantees, and Subleases that SHAS and Sears Outlet Stores, L.L.C. were entitled to recover their costs and expenses, including reasonable attorneys' fees, for enforcement of the rights under such agreements and notes.

44. Due to the defaults under each of the Secured Promissory Notes, interest accrues on each note at the rate of 18% per annum from November 15, 2017, until such note has been paid in full.

45. As of November 20, 2017, not including attorneys' fees and costs, the total amount due (at the rate of 18% per annum) to Plaintiff Sears Outlet Stores, L.L.C., under the Secured Promissory Note made by Defendant Charlotte Outlet Store, LLC, is:

| | |
|---|---|
| Principal | $177,839.00 |
| Interest | $     438.51 |
| Total | $178,277.51 |

Interest continues to accrue at the rate of $87.70 per day.

46. As of November 20, 2017, not including attorneys' fees and costs, the total amount due (at the rate of 18% per annum) to Plaintiff Sears Outlet Stores, L.L.C., under the

Secured Promissory Note made by Defendant Concord Outlet Store, LLC, is:

| | |
|---|---|
| Principal | $138,319.00 |
| Interest | $      341.06 |
| Total | $138,660.06 |

Interest continues to accrue at the rate of $68.21 per day.

47.     As of November 20, 2017, not including attorneys' fees and costs, the total amount due (at the rate of 18% per annum) to Plaintiff Sears Outlet Stores, L.L.C., under the Secured Promissory Note made by Defendant Greenville Outlet Store, LLC, is:

| | |
|---|---|
| Principal | $237,119.00 |
| Interest | $      584.70 |
| Total | $237,703.70 |

Interest continues to accrue at the rate of $116.94 per day.

48.     As of November 20, 2017, not including attorneys' fees and costs, the total amount due (at the rate of 18% per annum) to Plaintiff Sears Outlet Stores, L.L.C., under the Secured Promissory Note made by Defendant Raleigh Outlet Store, LLC, is:

| | |
|---|---|
| Principal | $237,119.00 |
| Interest | $      584.70 |
| Total | $237,703.70 |

Interest continues to accrue at the rate of $116.94 per day.

49.     Sears Outlet Stores, L.L.C. has been damaged by the Franchisees' and the Guarantors' defaults under the terms of the Subleases.  As of November 20, 2017, the amounts due under the Subleases were:

Charlotte Outlet Store, LLC:

| | |
|---|---|
| 2015 tax appeal refund from landlord | ($2,292.79) |
| 2017 CAM catch-up payment | $1,022.23 |
| 2016 tax reconciliation | $4,066.22 |
| 2015 CAM and insurance reconciliation | $9,143.57 |

|  |  |
|---|---|
| Total due from Charlotte Outlet Store, LLC<br>And Guarantors | $11,939.23 |
| | |
| Greenville Outlet Store, LLC:<br>  2016 CAM reconciliation | ($4,870.76) |
| | |
| Total due to Greenville Outlet Store, LLC<br>And Guarantors | ($4,870.76) |

Total due from Guarantors and Charlotte Outlet Store, LLC  $7,068.47

Additional sums will be due to Sears Outlet Stores, L.L.C. from the Franchisees and Guarantors under the Subleases, and Sears Outlet Stores, L.L.C. is entitled to recover all such sums from the applicable Franchisee and from both Guarantors.

### COUNT I – BREACH OF FRANCHISE AGREEMENTS BY SHAS AGAINST CHARLOTTE OUTLET STORE, LLC, CONCORD OUTLET STORE, LLC, GREENVILLE OUTLET STORE, LLC, AND RALEIGH OUTLET STORE, LLC

50.     SHAS pleads, alleges and incorporates by reference paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.     Charlotte Outlet Store, LLC's, Concord Outlet Store, LLC's, Greenville Outlet Store, LLC's and Raleigh Outlet Store, LLC's abandonment of their respective franchised Sears Outlet Stores, receipt of three Notices of Default in less than 12 months, and failure to cure their prior defaults within 30 days of written notice of such defaults constitute material breaches of each of the Franchise Agreements.

52.     Charlotte Outlet Store, LLC's, Concord Outlet Store, LLC's, Greenville Outlet Store, LLC's and Raleigh Outlet Store, LLC's failure to deposit into the commercial demand deposit accounts the total cash proceeds from the sales of SHAS merchandise and services, which they were to hold in trust for SHAS, constituted material breaches of each of the Franchise Agreements.

12

53.     As a direct and proximate result of Franchisees' breaches of the Franchise Agreements, SHAS has sustained substantial damages, including, without limitation, actual damages and liquidated damages under the Franchise Agreements in amounts to be proven at trial, and SHAS' attorneys' fees and costs.

## COUNT II – BREACH OF GUARANTY AND ASSUMPTION OF FRANCHISEE'S OBLIGATIONS UNDER THE FRANCHISE AGREEMENTS BY SHAS AGAINST VADIM SHLANGMAN AND ALIAKSANDR IVANNIKAU

54.     SHAS repeats, realleges and incorporates by reference paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.     Franchisees' breaches of their four Franchise Agreements constitute material breaches by Guarantors of their Franchise Guaranties.

56.     As a direct and proximate result of Guarantors' breaches, SHAS has sustained substantial damages, including, without limitation, actual damages and liquidated damages under the Franchise Agreements, as guaranteed by the Franchise Guaranties, in amounts to be proven at trial, and SHAS' attorneys' fees and costs.

## COUNT III – SUMS DUE ON SECURED PROMISSORY NOTES BY SEARS OUTLET STORES, L.L.C. AGAINST CHARLOTTE OUTLET STORE, LLC, CONCORD OUTLET STORE, LLC, GREENVILLE OUTLET STORE, LLC, AND RALEIGH OUTLET STORE, LLC

57.     Sears Outlet Stores, L.L.C. repeats, realleges and incorporates by reference paragraphs 1 to 56 of the Complaint as if fully set forth herein.

58.     Although duly demanded, Charlotte Outlet Store, LLC, Concord Outlet Store, LLC, Greenville Outlet Store, LLC, and Raleigh Outlet Store, LLC each failed or refused to pay all sums due to Sears Outlet Stores, L.L.C. under the Secured Promissory Note to which it is a maker.

59.     As a direct and proximate result of each of the Franchisees' failure to pay all sums

due on the Secured Promissory Note to which it is a maker, Sears Outlet Stores, L.L.C. has sustained damages in amounts to be proven at trial, and its attorneys' fees and costs.

### COUNT IV – SUMS DUE ON SUBLEASES BY SEARS OUTLET STORES, L.L.C. AGAINST CHARLOTTE OUTLET STORE, LLC, CONCORD OUTLET STORE, LLC, GREENVILLE OUTLET STORE, LLC, AND RALEIGH OUTLET STORE, LLC

60.     Sears Outlet Stores, L.L.C. repeats, realleges and incorporates by reference paragraphs 1 to 59 of the Complaint as if fully set forth herein.

61.     By virtue of the cross-default under and termination of the Subleases, Sears Outlet Stores, L.L.C. is entitled to collect from the applicable Franchisee all sums presently due under the Subleases, all additional Basic Rent, CAM Charges, costs and expenses coming due under such Subleases for the remainders of the terms, costs of performing covenants and other obligations under the Subleases, costs of repairs, reletting and all other such expenses, including, without limitation, Sears Outlet Stores, L.L.C.'s attorneys' fees and costs, in an amount to be proven at trial.

### COUNT V – BREACH OF THE GUARANTY AND ASSUMPTION OF OBLIGATIONS UNDER PROMISSORY NOTES AND SUBLEASES BY SEARS OUTLET STORES, L.L.C. AGAINST VADIM SHLANGMAN AND ALIAKSANDR IVANNIKAU

62.     Sears Outlet Stores, L.L.C. repeats, realleges, and incorporates by reference paragraphs 1 to 61 of the Complaint as if fully set forth herein.

63.     Guarantors' failure to pay all sums due under the Secured Promissory Notes and the Subleases, as guaranteed by the Promissory Note Guaranties, constitute material breaches of the Promissory Note Guaranties by the Guarantors.

64.     As a direct and proximate of Guarantors' breaches, they owe Sears Outlet Stores, L.L.C. all sums due under the Secured Promissory Notes, all sums due under the Subleases, including all additional Basic Rent, CAM Charges, costs and expenses coming due under such

Subleases for the remainders of the terms, costs of performing covenants and other obligations under the Subleases, costs of repairs, reletting and all other such expenses, plus Sears Outlet Stores, L.L.C.'s attorneys' fees and costs, in an amount to be proven at trial.

**COUNT VI – CONVERSION BY SHAS AGAINST**
**CHARLOTTE OUTLET STORE, LLC, CONCORD OUTLET STORE, LLC,**
**GREENVILLE OUTLET STORE, LLC, AND RALEIGH OUTLET STORE, LLC**

65.     SHAS repeats, realleges, and incorporates by reference paragraphs 1 to 64 of the Complaint as if fully set forth herein.

66.     SHAS has an absolute and unconditional right to immediate possession of the proceeds from the sale of merchandise and services at the stores.

67.     Franchisees wrongfully and without authorization assumed control and dominion over the proceeds from the sale of SHAS' merchandise and services by refusing to deposit the proceeds in the appropriate bank account and using the proceeds for their own benefit.

68.     Franchisees' actions deprived SHAS of the proceeds, and caused damages to SHAS as a result.

69.     As a direct result of Franchisees' conversion, SHAS has suffered losses for which Franchisees are liable, including but not limited to, proceeds from the sale of merchandise and services to SHAS, and any other damages recoverable under the Franchise Agreements and the law, plus pre- and post-judgment interest on the amounts awarded to SHAS, and attorneys' fees and costs, in an amount to be proven at trial.

WHEREFORE, Sears Home Appliance Showrooms, LLC and Sears Outlet Stores, L.L.C. demand judgment in their favor and against Defendants, jointly and severally, as follows:

A.      Judgment in favor of SHAS and against Charlotte Outlet Store, LLC for breach of the Franchise Agreement and an award of (1) damages in an amount to be proven

at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement;

B.    Judgment in favor of SHAS and against Concord Outlet Store, LLC for breach of the Franchise Agreement and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement;

C.    Judgment in favor of SHAS and against Greenville Outlet Store, LLC for breach of the Franchise Agreement and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement;

D.    Judgment in favor of SHAS and against Raleigh Outlet Store, LLC for breach of the Franchise Agreement and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement;

E.    Judgment in favor of SHAS against Vadim Shlangman for breach of the Guaranty and Assumption of Franchisee's Obligations by Charlotte Outlet Store, LLC and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement and such guaranty;

F.    Judgment in favor of SHAS against Vadim Shlangman for breach of the Guaranty and Assumption of Franchisee's Obligations by Concord Outlet Store, LLC and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement

and such guaranty;

G.    Judgment in favor of SHAS against Vadim Shlangman for breach of the Guaranty and Assumption of Franchisee's Obligations by Greenville Outlet Store, LLC and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement and such guaranty;

H.    Judgment in favor of SHAS against Vadim Shlangman for breach of the Guaranty and Assumption of Franchisee's Obligations by Raleigh Outlet Store, LLC and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement and such guaranty;

I.    Judgment in favor of SHAS against Aliaksandr Ivannikau for breach of the Guaranty and Assumption of Franchisee's Obligations by Charlotte Outlet Store, LLC and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement and such guaranty;

J.    Judgment in favor of SHAS against Aliaksandr Ivannikau for breach of the Guaranty and Assumption of Franchisee's Obligations by Concord Outlet Store, LLC and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement and such guaranty;

K.    Judgment in favor of SHAS against Aliaksandr Ivannikau for breach of the Guaranty and Assumption of Franchisee's Obligations by Greenville Outlet Store,

LLC and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement and such guaranty;

L. Judgment in favor of SHAS against Aliaksandr Ivannikau for breach of the Guaranty and Assumption of Franchisee's Obligations by Raleigh Outlet Store, LLC and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement and such guaranty;

M. Judgment in favor of Sears Outlet Stores, L.L.C. against Charlotte Outlet Store, LLC for breach of the Secured Promissory Note it made, and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of Sears Outlet Stores, L.L.C.'s rights under such note;

N. Judgment in favor of Sears Outlet Stores, L.L.C. against Concord Outlet Store, LLC for breach of the Secured Promissory Note it made, and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of Sears Outlet Stores, L.L.C.'s rights under such note;

O. Judgment in favor of Sears Outlet Stores, L.L.C. against Greenville Outlet Store, LLC for breach of the Secured Promissory Note it made, and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of Sears Outlet Stores, L.L.C.'s rights under such note;

P. Judgment in favor of Sears Outlet Stores, L.L.C. against Raleigh Outlet Store, LLC for breach of the Secured Promissory Note it made and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for

enforcement of Sears Outlet Stores, L.L.C.'s rights under such note;

Q.     Judgment in favor of Sears Outlet Stores, L.L.C. against Charlotte Outlet Store, LLC, for sums due under the Sublease and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of Sears Outlet Stores, L.L.C.'s rights under the Sublease;

R.     Judgment in favor of Sears Outlet Stores, L.L.C. against Concord Outlet Store, LLC, for sums due under the Sublease and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of Sears Outlet Stores, L.L.C.'s rights under the Sublease;

S.     Judgment in favor of Sears Outlet Stores, L.L.C. against Greenville Outlet Store, LLC, for sums due under the Sublease and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of Sears Outlet Stores, L.L.C.'s rights under the Sublease;

T.     Judgment in favor of Sears Outlet Stores, L.L.C. against Raleigh Outlet Store, LLC, for sums due under the Sublease and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of Sears Outlet Stores, L.L.C.'s rights under the Sublease;

U.     Judgment in favor of Sears Outlet Stores, L.L.C. against Vadim Shlangman for breach of the Guaranty and Assumption of Obligations (for Charlotte Outlet Store, LLC) and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of its rights under such Guaranty;

V.     Judgment in favor of Sears Outlet Stores, L.L.C. against Vadim Shlangman for breach of the Guaranty and Assumption of Obligations (for Concord Outlet Store,

LLC) and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of its rights under such guaranty;

W.  Judgment in favor of Sears Outlet Stores, L.L.C. against Vadim Shlangman for breach of the Guaranty and Assumption of Obligations (for Greenville Outlet Store, LLC) and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of its rights under such guaranty;

X.  Judgment in favor of Sears Outlet Stores, L.L.C. against Vadim Shlangman for breach of the Guaranty and Assumption of Obligations (for Raleigh Outlet Store, LLC) and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of its rights under such guaranty;

Y.  Judgment in favor of Sears Outlet Stores, L.L.C. against Aliaksandr Ivannikau for breach of the Guaranty and Assumption of Obligations (for Charlotte Outlet Store, LLC) and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of its rights under such guaranty;

Z.  Judgment in favor of Sears Outlet Stores, L.L.C. against Aliaksandr Ivannikau for breach of the Guaranty and Assumption of Obligations (for Concord Outlet Store, LLC) and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of its rights under such guaranty;

AA.  Judgment in favor of Sears Outlet Stores, L.L.C. against Aliaksandr Ivannikau for breach of the Guaranty and Assumption of Obligations (for Greenville Outlet Store, LLC) and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of its rights under such guaranty;

BB.  Judgment in favor of Sears Outlet Stores, L.L.C. against Aliaksandr Ivannikau for

breach of the Guaranty and Assumption of Obligations (for Raleigh Outlet Store, LLC) and an award of (1) damages in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of its rights under such guaranty;

CC.    Judgment in favor of SHAS and against Charlotte Outlet Store, LLC for conversion and an award of (1) damages, including punitive damages, in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement;

DD.    Judgment in favor of SHAS and against Concord Outlet Store, LLC for conversion and an award of (1) damages, including punitive damages, in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement;

EE.    Judgment in favor of SHAS and against Greenville Outlet Store, LLC for conversion and an award of (1) damages, including punitive damages, in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement;

FF.    Judgment in favor of SHAS and against Raleigh Outlet Store, LLC for conversion and an award of (1) damages, including punitive damages, in an amount to be proven at trial and (2) costs and attorneys' fees for enforcement of SHAS' rights under the Franchise Agreement;

GG.    Pre-judgment and post-judgment interest; and

HH.    Such other and further relief as the Court deems just and equitable.

Dated:  November 21, 2017                              Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By    */s/ Dawn M. Johnson*
      Dawn M. Johnson, IL Bar #6216582
      dmj@greensfelder.com
      10 S. Broadway, Suite 2000
      St. Louis, MO  63102-1774
      Telephone:  (314) 241-9090
      Facsimile:   (314) 345-5187

      Elizabeth Austermuehle, IL Bar #6302326
      eaustermuehle@greensfelder.com
      200 West Madison, Suite 3300
      Chicago, IL 60606
      Telephone:  (312) 345-5001
      Facsimile:  (312) 419-1930

*Attorneys for Sears Home Appliance Showrooms, LLC and Sears Outlet Stores, L.L.C.*